**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

MOWAFAQ MAHMOUD, *et al.*,

      *Plaintiffs*,

    v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

      *Defendants*.

Civil Action No. 25 - 4454 (LLA)

---

**MEMORANDUM OPINION**

Plaintiffs Mowafaq Mahmoud, Wafaa Mohammed, Kareem Mahmoud, and Naya Mahmoud bring this action to compel Defendants—the U.S. Department of Homeland Security ("DHS"), DHS Secretary Markwayne Mullin, the U.S. Citizenship and Immigration Services ("USCIS"), USCIS Director Joseph B. Edlow, the National Benefits Center, and the Director of the National Benefits Center—to adjudicate their applications for permanent residency or adjustment of immigration status.[1] ECF No. 1. Defendants have moved to transfer this action to the Northern District of Mississippi pursuant to 28 U.S.C. § 1404 or, alternatively, dismiss the case for improper venue. ECF No. 11. Plaintiffs have not opposed the motion. For the reasons explained below, the court will grant Defendants' motion in part, transfer the case to the Northern District of Mississippi, and deny the motion to dismiss without prejudice.

---

[1] Plaintiffs named former DHS Secretary Kristi L. Noem as Defendant, but the current official is "automatically substituted" as a party pursuant to Federal Rule of Civil Procedure 25(d).

## I.    FACTUAL BACKGROUND

The court takes the allegations in Plaintiffs' complaint as true for the purposes of deciding the pending motion, *Louis v. Hagel*, 177 F. Supp. 3d 401, 403 (D.D.C. 2016), and takes judicial notice of "information posted on official public websites of government agencies," *Arab v. Blinken*, 600 F. Supp. 3d 59, 63 n.1 (D.D.C. 2022).

The Form I-485 allows applicants in the United States to apply for lawful permanent resident status or make certain other adjustments to their immigration status. *See* U.S. Citizenship & Immigr. Servs., *I-485, Application to Register Permanent Residence or Adjust Status*.[2] Plaintiff Mowafaq Mahmoud was granted asylum in May 2023. ECF No. 1 ¶ 6. His family members— Wafaa Mohammed, Kareem Mahmoud, and Naya Mahmoud—received derivative asylum based on their qualifying relationship to him. *Id.* at 13.[3] In February 2024, Plaintiffs filed Form I-485s seeking permanent residency, which the National Benefits Center received and processed. *Id.* ¶¶ 7, 19. Defendants have not yet adjudicated Plaintiffs' applications. *Id.* ¶ 20. Plaintiffs, who reside in Olive Branch, Mississippi, *id.* at 1, filed this action in December 2025, seeking to compel Defendants to resolve their outstanding requests, *id.* ¶ 34. Plaintiffs assert that Defendants have unlawfully withheld or unreasonably delayed action on the pending applications, which violates Defendants' non-discretionary and ministerial duties imposed by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and agency regulations. ECF No. 1 ¶ 31. Defendants thereafter filed a motion to dismiss or to transfer the case from this court to the Northern District of Mississippi. ECF No. 11. Plaintiffs do not oppose a transfer. ECF No. 12.

---

[2] *Available at* https://perma.cc/N83K-SF2M.

[3] The citations to page numbers in ECF No. 1 refer to the CM/ECF-generated page numbers at the top of each page rather than any internal pagination.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), the court may transfer a case from one proper venue to another appropriate venue if doing so serves "the convenience of parties and witnesses" and is "in the interest of justice."[4]  This is an "individualized, case-by-case consideration," comprised of two steps.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  First, the transferor court must determine that the action "[could] have been brought" in the transferee district or that the parties consent to litigating there.  28 U.S.C. § 1404(a).  Second, the court must determine whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district."  *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F. Supp. 2d 57, 59 (D.D.C. 2013).  In making this determination, the court "weigh[s] several private- and public-interest factors."  *Id.* at 59-60.  The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof."  *Id.* at 60.  The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home."  *Id.* (quoting *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)).  "If the balance of private and public interests favor[s] a transfer of venue, then a court may order a

---

[4] In contrast, 28 U.S.C. § 1406(a) governs transfer or dismissal when the initial venue is improper.  *See Liu v. Mayorkas*, 737 F. Supp. 3d 1, 3-5 (D.D.C. 2024).  Here, venue is proper in this district under 28 U.S.C. § 1391(e)(1)(A) because the DHS Secretary resides in the District of Columbia, where the Department is headquartered.  *See* 28 U.S.C. § 1391(e)(1)(A) (for actions in which a defendant is an officer of the United States, permitting the suit to "be brought in any judicial district in which a defendant in the action resides"); *Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) ("What controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant.").

transfer." *Id.* (quoting *Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 375 (D.D.C. 2012)).

### III.    DISCUSSION

While Plaintiffs consent to a transfer to the Northern District of Mississippi, ECF No. 12, at 1, the court will nevertheless consider the facts and determine whether transferring this case is in the interest of justice.  The court agrees with the parties that transfer to the Northern District of Mississippi is warranted under Section 1404(a).[5]

On the first step, the court concludes that the suit could have originally been brought in the Northern District of Mississippi.  Venue is proper in suits against officers or agencies of the United States "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  This suit could have been brought in the Northern District of Mississippi because Plaintiffs reside in Olive Branch, Mississippi, which is in DeSoto County, and the case does not involve real property.  *See* ECF No. 1, at 1; N.D. Miss. Local Civ. R. at ii (providing that DeSoto County falls within the Northern District of Mississippi's jurisdiction).

On the second step, the court concludes that both the private- and public-interest factors weigh in favor of transferring this case to the Northern District of Mississippi.  *See Blackhawk*

---

[5] Because the court concludes that transfer is appropriate, it declines to reach Defendants' alternative request for dismissal.  *See* ECF No. 11, at 10-14 (explaining that if the court transfers this action, it "need not consider Defendants' motion to dismiss").  Accordingly, the court will deny Defendants' motion to dismiss without prejudice to refiling in the Northern District of Mississippi.

*Consulting, LLC*, 975 F. Supp. 2d at 59-60.  The court begins with the private-interest factors.  As to Plaintiffs' choice of forum, while Plaintiffs brought this case in this district, they consent to a transfer to the Northern District of Mississippi.  ECF No. 12, at 1.  The first factor thus favors a transfer.

As to the second private-interest factor, Defendants prefer the Northern District of Mississippi.  *See* ECF No. 11.  That is also Plaintiffs' home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff[s'] home forum."  *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020).

The third private-interest factor—where the claim arose—is neutral.  "[I]n APA cases like this one, the underlying claim typically arises 'where the decisionmaking process occurred.'"  *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019) (quoting *Gyau v. Sessions*, No. 18-CV-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018)).  Plaintiffs do not allege that Defendants' adjudication of I-485 applications occurs in the District of Columbia.  *See generally* ECF No. 1.  Instead, there is no meaningful connection between the District of Columbia and Plaintiffs' claims, which involve Form I-485s that may "[o]nly [be] adjudicate[ed]" by the National Benefit Center, ECF No. 1 ¶ 33—a component within USCIS, which is not headquartered in Washington, D.C., *see Farroukh v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-198, 2023 WL 7017758, at *2 n.2 (D.D.C. Oct. 25, 2023) (noting that the USCIS moved its headquarters to Camp Springs, Maryland in December 2020); *Alakhfash v. Jaddou*, No. 23-CV-3458, 2024 WL 5044926, at *3 (D.D.C. Sep. 23, 2024) ("USCIS operates under the D.C.-based Department of Homeland Security, but USCIS itself promulgates the immigration policies relevant to this case, and any future changes to its . . . polic[ies] will also arise out of the Maryland-based agency.").  And

Defendants assert that the applications at issue will be adjudicated by the USCIS Field Office located in Memphis, Tennessee.  ECF No. 11, at 1.  Plaintiffs' claims thus arose neither in this district nor in the Northern District of Mississippi.

The remaining private-interest factors favor a transfer.  Plaintiffs "cannot reasonably claim to be inconvenienced by litigating in [their] home forum."  *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018)).  And they "will likely be the key witness[es] and rely on personal records to develop [their] claim[s], making [their] home district a better venue."  *Liu v. Mayorkas*, 737 F. Supp. 3d 1, 6 (D.D.C. 2024).  Even if DHS's alleged inaction is the crux of Plaintiffs' grievances, as noted above, the policies and decisions relevant to their case lack a meaningful connection to the District of Columbia.

The public-interest factors likewise weigh in favor of a transfer or are neutral.  First, there is no reason to suspect that any federal district court is unfamiliar with federal immigration law.  *See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (explaining that where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor").  Next, there can be no dispute that each district faces congested dockets, making this factor neutral.  Moreover, transferring application-specific immigration cases to Plaintiffs' home district prevents this district from being overwhelmed with such cases merely because the Secretary of Homeland Security resides here.  *See Claros v. Cowan*, No. 21-CV-609, 2021 WL 1820209, at *3 (D.D.C. May 6, 2021) ("Spreading [these cases] out across the country makes eminent sense and tips the scales on this factor toward transfer.").  Finally, "[b]ecause any potential impacts are to be felt locally, the controversy is truly local to"

Plaintiffs' home district. *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012).

After balancing the relevant factors as set forth above, the court concludes that transfer to the Northern District of Mississippi promotes the convenience of the parties and witnesses and is in the interest of justice. *See* 28 U.S.C. § 1404(a). The court will therefore transfer this action to the Northern District of Mississippi.

## IV. CONCLUSION

For the foregoing reasons, the court will grant in part and deny in part Defendants' Motion to Transfer or Dismiss, ECF No. 11, such that it will transfer the case to the Northern District of Mississippi and deny Defendant's request to dismiss without prejudice so that Defendants may re-raise those arguments after the case is transferred. Additionally, the court will direct Defendants to respond to the complaint no later than twenty-one days after the case is docketed in the Northern District of Mississippi. A contemporaneous order will issue.

_____

LOREN L. ALIKHAN
United States District Judge

Date:   May 21, 2026